Dina R. Richman (SBN 251088)
drichman@cozen.com
Mark A. Talise (SBN 305271)
mtalise@cozen.com
COZEN O'CONNOR
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Telephone: 213.892.7900
Facsimile: 213.892.7999

Attorneys for Plaintiff
National Liability & Fire Insurance Company

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY, a Connecticut corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JOE NILAAD, individually and dba VALLEY MEDI VAN; GILBERTO SANDOVAL, an individual; LETICIA SANDOVAL, an individual,<br><br>Defendants | Case No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT** |

Plaintiff National Liability & Fire Insurance Company ("National"), by and through its undersigned counsel, files this Complaint for Declaratory Relief and Reimbursement against defendants Joe Nilaad individually and dba Valley Medi Van ("Joe Nilaad" or "Mr. Nilaad"), Gilberto Sandoval, and Leticia Sandoval and states as follows:

## I. **PRELIMINARY STATEMENT**

1. This is a declaratory judgment action, brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, to determine and resolve

questions of actual controversy between the parties with respect to an insurance policy issued by National to Joe Nilaad. In particular, National seeks to determine whether it has a duty to defend and/or indemnify Mr. Nilaad for claims against him for injuries allegedly suffered by defendant Gilberto Sandoval who fell while trying to board a 2013 Toyota Camry that Mr. Nilaad used for his patient transport business. The insurance policy at issue did not cover a Toyota Camry at the time of loss.

## II. THE PARTIES

2. Plaintiff National is a corporation organized and existing under the laws of the State of Connecticut and has its principal places of business in Nebraska and Connecticut. National is authorized to, and does, transact insurance in the state of California.

3. Defendant Joe Nilaad is an individual residing in Moreno Valley, California and doing business in Moreno Valley, CA as Valley Medi Van. Mr. Nilaad is in the business of transporting patients to and from medical appointments.

4. Defendant Gilberto Sandoval is an individual residing in the County of Riverside, California. National seeks no relief from Mr. Sandoval other than to bind him to the outcome of this insurance coverage dispute.

5. Defendant Leticia Sandoval is an individual residing in the County of Riverside, California. National seeks no relief from Mrs. Sandoval other than to bind her to the outcome of this insurance coverage dispute.

## III. JURISDICTION AND VENUE

6. Complete diversity of citizenship exists in this matter because National is a citizen of Connecticut and defendants Joe Nilaad, Gilberto Sandoval, and Leticia Sandoval are citizens of California.

7. The amount in controversy exceeds $75,000, exclusive of costs, interest, and attorneys' fees.

8. Accordingly, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

9. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because the controversy arose in this judicial district.

## IV. FACTUAL ALLEGATIONS

### A. The Insurance Policy

10. National issued to Joe Nilaad a Commercial Policy, Policy Number 73APS069797, with effective dates of December 22, 2016 to December 22, 2017 (the "Policy"). A true and correct copy of the Policy (with confidential information redacted) is attached as Exhibit A. The Policy provides several types of coverage, including liability coverage as described below.

11. SECTION I – AUTOS of the Policy provides in relevant part:

> Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".
>
> **A. Description Of Covered Auto Designation Symbols**
>
> . . .
>
> | Symbol | Description of Covered Auto Designation Symbols | |
> |---|---|---|
> | 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
>
> . . .
>
> **B. Owned Autos You Acquire After The Policy Begins**
>
> 1. If Symbols 1, 2, 3, 4, 5, 6 or 19 are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

    2. But, if Symbol 7 is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

        a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

        b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers, Mobile Equipment And Temporary Substitute Autos**

If Liability Coverage is provided by this coverage form, the following types of vehicles are

also covered "autos" for Liability Coverage:

. . .

    3. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

        a. Breakdown;

        b. Repair;

        c. Servicing;

        d. "Loss"; or

        e. Destruction

    12. Under "ITEM TWO – SCHEDULE OF COVERAGES AND COVERED AUTOS" of the Policy's Business Auto Coverage Declarations, symbol "7" (the symbol used for specifically described autos) is entered next to "LIABILITY" coverage. In other words, only vehicles specifically listed under the Policy's schedule of covered autos qualify for coverage, subject to the replacement and substitution provisions quoted in Paragraph 11 above.

    13. The attachment for "ITEM THREE – SCHEDULE OF COVERED AUTOS" lists the following three vehicles: (1) 2008 Ford E350 (VIN 1FT2S34L28DA63811), (2) 2008 Ford E150 (VIN 1TNS14W88DA64652), and (3) 2000 Dodge Ram Van (2B6HB11Y6YK162964).

14. SECTION II – LIABILITY COVERAGE of the Policy provides in relevant part:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."
>
> . . .
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages . . . However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" . . . to which this insurance does not apply.

15. SECTION IV – BUSINESS AUTO CONDITIONS of the Policy provides in relevant part:

> **A. 2 Duties In The Event of Accident, Claim, Suit or Loss**
>
> We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
>
>> a. In the event of "accident," claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". . .
>
> **B. 2 Concealment, Misrepresentation Or Fraud**
>
> This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:
>
> . . .
>
>> b. The covered "auto" . . .

16. "Endorsement # 1" to the Policy, with an effective date of August 22, 2017, added a 2013 Toyota Camry with VIN 4T1BF1FKXDU269218 (the "2013 Toyota Camry") to the Policy's schedule of covered autos.

### B. The Subject Incident and the Underlying Sandoval Lawsuit

17. On January 5, 2017, Mr. Nilaad drove to Gilberto Sandoval's home in Moreno Valley, CA for the purposes of picking up and driving Mr. Sandoval to a medical appointment. Allegedly, as Mr. Sandoval tried to enter the car, he fell to the ground and was injured (the "subject incident.")

18. On information and belief, Mr. Nilaad first reported the subject incident to his insurance agent, RUC Insurance Agency, on September 26, 2017. Mr. Sandoval's agent did not submit the claim to National until October 19, 2017. Thereafter, National immediately assigned an independent adjuster, Schneider & Associates, to investigate the claim.

19. During the course of Schneider & Associates' investigation, Mr. Nilaad represented to Schneider & Associates that the vehicle involved in the subject incident was the 2000 Dodge Ram Van (2B6HB11Y6YK162964) (the "2000 Dodge Van") listed under the Policy. Mr. Nilaad even allowed Schneider & Associates to inspect and take photographs of that 2000 Dodge Van.

20. On January 5, 2018, Mr. Sandoval and his wife, Leticia Sandoval (the "Sandovals"), filed a lawsuit against Mr. Nilaad (among other defendants), in the Riverside County Superior Court, Case No. RIC1800348 (the "Underlying Sandoval Lawsuit"). In their complaint, the Sandovals described the vehicle that Mr. Nilaad used to pick up Mr. Sandoval as the "SUBJECT VAN."

21. Mr. Nilaad tendered the Underlying Sandoval Lawsuit to National. National, based on Mr. Nilaad's representations, believed that the vehicle involved was the 2000 Dodge Van scheduled on the Policy, and agreed to defend Nilaad in the Underlying Sandoval Lawsuit. Based on Mr. Nilaad's representations about the

vehicle involved in the subject incident, National has been, and continues to, defend Nilaad in the Underlying Sandoval Lawsuit.

22. During his deposition in the Underlying Sandoval Lawsuit, Mr. Sandoval testified that Mr. Nilaad was using a cream-colored Toyota Camry to transport Mr. Sandoval at the time of the subject incident. Mr. Sandoval further testified that Mr. Nilaad regularly used a Toyota Camry to transport Mr. Sandoval and recalled only one time in which Mr. Nilaad used a van.

23. During her deposition in the Underlying Sandoval Lawsuit, Mrs. Sandoval also testified that Mr. Nilaad used a Toyota Camry to transport Mr. Sandoval at the time of the subject incident.

24. During his deposition in the Underlying Sandoval Lawsuit, Mr. Nilaad testified that he could have been using the 2013 Toyota Camry to transport Mr. Nilaad at the time of the subject incident.

25. At the time of the subject incident, the 2013 Toyota Camry was not scheduled on the Policy. Mr. Nilaad did not add the 2013 Toyota Camry to the Policy until August 22, 2017—seven and half months after the subject incident.

26. The vehicle registration for the 2013 Toyota Camry indicates that Mr. Nilaad has owned this car since at least July 29, 2015, when the registration issued.

27. When National learned that the subject incident involved the 2013 Toyota Camry, it sent Mr. Nilaad a letter agreeing to continue do defend him in the Underlying Sandoval Lawsuit, but under a full and complete reservation of Rights under the Policy. National also reserved the right to seek reimbursement of fees and costs incurred in defending Mr. Nilaad in the Underlying Sandoval Lawsuit should it be determined that the Policy did not apply to the subject incident.

# FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF – NO DUTY TO DEFEND OR INDEMNIFY JOE NILAAD IN THE UNDERLYING SANDOVAL LAWSUIT BECAUSE THE VEHICLE WAS NOT COVERED BY THE POLICY
## (Against All Defendants)

28. National re-alleges each of the allegations of Paragraphs 1 through 27 above as though fully set forth in this cause of action.

29. National contends that the Policy does not apply to the claims in the Underlying Sandoval Lawsuit because the Policy did not cover the 2013 Toyota Camry, the vehicle involved in the subject incident.

30. It is National's understanding that Joe Nilaad and the Sandovals contend that the Policy affords coverage for the claims in the Underlying Sandoval Lawsuit.

31. An actual dispute has arisen between National, Mr. Nilaad, and the Sandovals regarding whether the Policy provides coverage for the Underlying Sandoval Lawsuit.

32. National seeks a declaration that none of the claims in the Underlying Sandoval Lawsuit is covered by the Policy because the Policy did not cover the 2013 Toyota Camry, the vehicle involved in the subject incident. On this basis, National also seeks a declaration that it owes no duty to defend or indemnify Mr. Nilaad against the claims in the Underlying Sandoval Lawsuit, and that National may withdraw its defense of Mr. Nilaad in the Underlying Sandoval Lawsuit.

33. A judicial declaration is necessary and appropriate at this time, and under the circumstances alleged above, so that National can ascertain its duties under the Policy. A judicial declaration will prevent future litigation that would otherwise result from the controversy between National, Mr. Nilaad, and the Sandovals.

## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF – NO DUTY TO DEFEND OR INDEMNIFY JOE NILAAD IN THE UNDERLYING SANDOVAL LAWSUIT BECAUSE NATIONAL SUFFERED PREJUDICE DUE TO LATE REPORTING OF THE LOSS
### (Against All Defendants)

34. National re-alleges each of the allegations of Paragraphs 1 through 33 above as though fully set forth in this cause of action.

35. National also contends that the Policy does not cover the suit because Mr. Nilaad delayed in reporting it to National, and National was substantially prejudiced by the delay.

36. It is National's understanding that Joe Nilaad and the Sandovals contend that the Policy affords coverage for the claims in the Underlying Sandoval Lawsuit.

37. An actual dispute has arisen between National, Mr. Nilaad, and the Sandovals regarding whether the Policy provides coverage for the Underlying Sandoval Lawsuit.

38. National seeks a declaration that none of the claims in the Underlying Sandoval Lawsuit is covered by the Policy because Mr. Nilaad delayed in reporting the subject incident and/or the claim to National, and National was substantially prejudiced by the delay. On this basis, National also seeks a declaration that it owes no duty to defend or indemnify Mr. Nilaad against the claims in the Underlying Sandoval Lawsuit, and that National may withdraw its defense of Mr. Nilaad in the Underlying Sandoval Lawsuit.

39. A judicial declaration is necessary and appropriate at this time, and under the circumstances alleged above, so that National can ascertain its duties under the Policy. A judicial declaration will prevent future litigation that would otherwise result from the controversy between National, Mr. Nilaad, and the Sandovals.

# THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF – NO DUTY TO DEFEND OR INDEMNIFY JOE NILAAD IN THE UNDERLYING SANDOVAL LAWSUIT BECAUSE OF MATERIAL MISREPRESENTATION

### (Against All Defendants)

40. National re-alleges each of the allegations of Paragraphs 1 through 39 above as though fully set forth in this cause of action.

41. National also contends that the Policy does not cover the suit because during National's investigation of the loss, Joe Nilaad misrepresented that the vehicle involved in the loss was the 2000 Dodge Van. After agreeing to provide a defense to Mr. Nilaad, it was discovered that the vehicle involved in the subject incident was actually the 2013 Toyota Camry, a non-covered auto.

42. It is National's understanding that Joe Nilaad and the Sandovals contend that the Policy affords coverage for the claims in the Underlying Sandoval Lawsuit.

43. An actual dispute has arisen between National, Mr. Nilaad, and the Sandovals regarding whether the Policy provides coverage for the Underlying Sandoval Lawsuit.

44. National seeks a declaration that none of the claims in the Underlying Sandoval Lawsuit is covered by the Policy because Mr. Nilaad misrepresented the vehicle involved in the subject incident. On this basis, National also seeks a declaration that it owes no duty to defend or indemnify Mr. Nilaad against the claims in the Underlying Sandoval Lawsuit, and that National may withdraw its defense of Mr. Nilaad in the Underlying Sandoval Lawsuit.

45. A judicial declaration is necessary and appropriate at this time, and under the circumstances alleged above, so that National can ascertain its duties under the Policy. A judicial declaration will prevent future litigation that would otherwise result from the controversy between National, Mr. Nilaad, and the Sandovals.

## **PRAYER FOR RELIEF**

WHEREFORE, National prays:

1. That the Court enter judgment declaring that the Policy affords no coverage to Joe Nilaad for the claims asserted against him in the Underlying Sandoval Lawsuit, that National has no duty to defend or indemnify Joe Nilaad in the Underlying Sandoval Lawsuit, and that National may withdraw its defense of Joe Nilaad in the Underlying Sandoval Lawsuit.

2. For costs of suit incurred; and

3. For such other and further relief as the Court may deem just and proper.

Dated: October 16, 2019            COZEN O'CONNOR


By: /s/ Mark A. Talise
Dina R. Richman
Mark A. Talise
Attorneys for Plaintiff
National Liability & Fire Insurance Company